|   |   |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE NORTHERN DISTRICT OF CALIFORNIA | |
| ANTONIO LUIS WILLIAMS, | No. C 09-05799 CW (PR) |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| JOHN ASHCROFT, et al., | |
| Defendants. | |

Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison (SVSP), filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. On the same day the action was filed the Clerk of the Court sent a notice to Plaintiff, informing him that his action could not go forward until he paid the filing fee or filed a completed prisoner's in forma pauperis application. The Clerk sent Plaintiff a blank in forma pauperis application and told him that he must pay the fee or return the completed application within thirty days or his action would be dismissed.

On December 29, 2009, Plaintiff filed his in forma pauperis application (docket no. 7). Also before the Court are Plaintiff's motions entitled "Motion to Proceed Under a Strikes Provision Law Per 1915(g)," "Motion for Judge to Correct Error, Mis-Statements in Refile [sic] Action and 2/22/05 Court Order Dismissing Case," and "Motion to Refile Complaint under Imminent Harms, Dangers" (docket nos. 2, 3, 4). Plaintiff has also filed a request for appointment of counsel.

In an Order dated December 22, 2004, this Court held that Plaintiff generally is barred from proceeding in forma pauperis in federal court under the provisions of 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act of 1995 was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. See id. Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

Andrews requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the Court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for

him.  Id.  Andrews implicitly allows the Court to raise the § 1915(g) problem sua sponte, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action.  See id. at 1120.  A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Plaintiff's prior prisoner actions in this Court reveals that Plaintiff has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  In its December 22, 2004 Order, the Court gave Plaintiff notice that it believed that the following dismissals may be counted as dismissals for purposes of § 1915(g):  (1) Williams v. McGrath, No. C 04-0782 CW (PR) (N.D. Cal. June 25, 2004) (dismissed for failure to state a claim); (2) Williams v. McGrath, No. C 04-2542 CW (PR) (Nov. 10, 2004) (dismissed for failure to exhaust administrative remedies); and (3) Williams v. Hagar, No. C 04-2543 CW (PR) (Nov. 10, 2004) (dismissed for failure to state a claim).  Plaintiff therefore may proceed IFP only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

The following background relating to Plaintiff's numerous prior civil rights actions is taken from the Court's December 1, 2005 in Case nos. C 05-2002 CW (PR) and C 05-4200 CW (PR):

> Both prior to and since the entry of that Order Plaintiff filed actions seeking to compel prison officials at PBSP to provide him with treatment for an injured shoulder from which he has suffered since prison officials used force against him at High Desert State Prison (HDSP) in 2002. Plaintiff did receive x-rays at PBSP in May, 2004, and the doctor told him that no injury was present. Because Plaintiff was not allowed to see the x-rays, however, he objected to the doctor's conclusion and continued to seek additional diagnostic procedures and medical care.

(Dec. 1, 2005 Order in Case nos. C 05-2002 CW (PR), C 05-4200 CW (PR) at 1-2.)

Plaintiff has raised this claim in other actions he has filed in this Court, but it has never proceeded to review on the merits. The Court dismissed Plaintiff's previous complaints without prejudice because of his conceded failure to exhaust administrative remedies, see, e.g., Williams v. McGrath, Case no. C 04-2542 CW (PR), and because he had not made the requisite showing for application of the "imminent danger of serious physical injury" exception to § 1915(g), see In re: Antonio Luis Williams, Case nos. C 04-5041 CW (PR), C 04-5255 CW (PR), C 05-0253 CW (PR). With respect to the imminent danger exception the Court wrote:

> If Plaintiff maintains that he is in need of immediate medical care and is unable to pay the filing fee, he may seek leave to proceed with this claim under § 1915(g) PROVIDED that he files a civil rights complaint which asserts ONLY this claim and which names as Defendants those individuals at Pelican Bay State Prison who are responsible for denying him medical care and/or who can provide him with relief. If Plaintiff continues to make conclusory allegations about the care to which he maintains he is entitled and continues to name the Court, who is not responsible for Plaintiff's medical care, as a Defendant, his actions will be dismissed.

> The present complaints are duplicative of past actions filed by Plaintiff and do not allege facts which fall within the "imminent danger of serious physical injury" exception to § 1915(g). Accordingly, they will be dismissed.

(Apr. 27, 2005 Order in Case nos. C 04-5041 CW (PR), C 04-5255 CW (PR), C 05-0253 CW (PR) at 3.)

Shortly thereafter, Plaintiff filed two other civil rights actions. See Williams v. Albonico, Case no. C 05-2002 CW (PR); Williams v. Winslow, et al., Case no. C 05-4200 CW (PR). In an Order dated December 1, 2005, the Court gave the following background relating to these two actions:

> . . . Plaintiff filed the first of his present complaints, Williams v. Albonico, C 05-2002 CW, in which he repeats previously raised allegations that PBSP Warden Joe McGrath conspired with Chief Medical Doctor Dwight Winslow not to treat him for his shoulder injury in an attempt to obstruct an investigation by the Department of Justice (DOJ) into the cause of the injury, and that after he was assaulted at HDSP x-rays were taken of his shoulder on May 15, 2002, but he was told falsely that they were negative. He alleged that the imminent danger exception to § 1915(g) applied because he was in imminent danger of having charges filed against him because of complaints he had filed with the DOJ. It was not until July 22, 2005, when the Court received a document from Plaintiff entitled "Affadavit [sic] of Witness, of Injury," that Plaintiff's request for additional medical care for his shoulder was made clear. By then, Plaintiff had been transferred to Tehachapi State Prison. Since then, Plaintiff has continued to file numerous documents in this action, most of them duplicative, which seek damages from various doctors and injunctive medical relief from doctors at Tehachapi State Prison.
>
> On October 18, 2005, Plaintiff filed another civil rights action, Williams v. Winslow, et al., C 05-4200 CW, in which he seeks damages for allegedly inadequate medical care by PBSP doctors and injunctive medical relief from doctors at Tehachapi State Prison.

(Dec. 1, 2005 Order in Case nos. C 05-2002 CW (PR), C 05-4200 CW (PR) at 3.) The Court granted Plaintiff's motion to consolidate the two actions and found that Plaintiff's claims for damages for

5

inadequate medical care did not meet the imminent danger exception to the exhaustion requirement. However, liberally construed, the Court found that his claims for injunctive medical relief met the exception. Therefore, the Court did not dismiss the complaints under § 1915(g). Because Plaintiff, at that time, was incarcerated at Tehachapi State Prison, the Court transferred the complaints to the United States District Court for the Eastern District of California.

More recently, on April 29, 2009, Plaintiff filed a civil rights action, <u>Williams v. Winslow, et al.</u>, Case no. C09-01874 CW (PR), which was dismissed pursuant to § 1915(g) on December 29, 2009.

Here, Plaintiff again refers to the 2002 HDSP excessive force incident and alleges that the "imminent harm" exception to § 1915(g) should be applied because he has "severe injuries including a rt. dislocated shoulder gone untreated to date," and he is seeking a "court order" to compel prison officials to provide him with "surgical orders to repair" his dislocated shoulder. As mentioned above, Plaintiff had since been transferred to SVSP at the time he filed the present complaint. Plaintiff has not sought injunctive medical relief from doctors at SVSP. Therefore, he does not sufficiently allege that he was in imminent danger of serious physical injury at the time he filed his complaint. The Court finds that the imminent danger exception to the three-strikes bar is not applicable to the present action.

In light of these dismissals, and because Plaintiff does not appear to be under imminent danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing no later than <u>thirty (30) days</u>

from the date of this Order why IFP should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). If Plaintiff is so inclined, he may avoid dismissal by paying the $350.00 filing fee.  In any event, the Court will continue to review under § 1915(g) all future actions filed by Plaintiff while he is incarcerated in which he seeks IFP status.

At this time, the Court need not rule on Plaintiff's other pending motions.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff is ORDERED TO SHOW CAUSE in writing no later than <u>thirty (30) days</u> from the date of this Order why IFP should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  If Plaintiff is so inclined, he may avoid dismissal by paying the $350.00 filing fee no later than <u>thirty (30) days</u> from the date of this Order.

<u>Failure to file a timely response or failure to pay the full filing fee within thirty (30) days from the date of this Order will result in the dismissal of this action without further notice to Plaintiff.</u>

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: 1/20/10

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

|  | UNITED STATES DISTRICT COURT |
|---|---|
|  | FOR THE |
|  | NORTHERN DISTRICT OF CALIFORNIA |

ANTONIO LUIS WILLIAMS,

        Plaintiff,

  v.

JOHN ASHCROFT et al,

        Defendant.
                                              /

Case Number: CV09-05799 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 20, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Antonio Luis Williams
#J05660
Salinas Valley State Prison
P.O. Box 1050
D-7-115
Soledad, CA 93960

Dated: January 20, 2010

                                      Richard W. Wieking, Clerk
                                      By: Sheilah Cahill, Deputy Clerk